**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynda Marie Bates,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-19-08308-PCT-MTL<br><br>**ORDER** |

       Before the Court is Plaintiff Lynda Bates' appeal of an administrative law judge's ("ALJ") denial of certain social security benefits. After reviewing Plaintiff's Opening Brief (Doc. 15, Pl. Br.), Defendant's Response (Doc. 16, Def. Br.) and Plaintiff's Reply (Doc. 17, Reply), as well as the administrative record (R.), the Court reverses the ALJ's decision.

**I.    BACKGROUND**

       An ALJ found that Ms. Bates has severe degenerative disc disease and degenerative joint disease of the hips. (R. at 34.)[1] Despite these conditions, the ALJ found that she could perform light work and thus was not disabled under the relevant social security regulations. (*Id*. at 37.) As a result, the ALJ denied her applications for benefits. (*Id*. at 44.) The Social Security Administration's Appeals Council denied review, making the ALJ's ruling the final decision of the Commissioner of Social Security (the "Commissioner"). (*Id*. at 1.)

---

[1] A severe impairment "significantly limits [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

## II. LEGAL STANDARD

The Court only reviews the challenged portions of an ALJ's decision. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) ("[The Court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."). The Court may set aside the decision only when it is not supported by "substantial evidence" or is based on legal error. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* at 674–75; *see also Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). "Yet [the Court] must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Trevizo*, 871 F.3d at 675. "[The Court] review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.* "Finally, [the Court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

To determine whether a claimant is disabled under the Social Security Act, the ALJ engages in a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(4). The burden of proof is on the claimant for the first four steps but shifts to the Commissioner at the fifth. *Molina*, 674 F.3d at 1110. At step one, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines

whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in a certain federal regulatory provision. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is capable of performing past relevant work.[2] *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step and determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled; if not, he is disabled. *Id.*

## III. DISCUSSION

### A. ALJ's Discounting of the Treating Physician's Opinion

The ALJ found that Ms. Bates has two severe impairments: degenerative disc disease and degenerative joint disease of the hips. (R. at 34.) The parties disagree about whether Ms. Bates can work in light of those impairments. More significantly from a legal perspective, Ms. Bates argues that the ALJ erred by not giving controlling weight to her treating physician's opinion, as social security regulations normally require. (Pl. Br. at 13; Def. Br. at 18.)

In assessing a claimant's RFC, the ALJ must consider "all of the relevant medical and other evidence," including medical opinion evidence. 20 C.F.R. § 404.1545(a)(3); *see also Id.* §§ 404.1513(a)(2), 404.1527(a)(1). The ALJ is required to evaluate and weigh every medical opinion in the record. *Id.* § 404.1527(c). The type of relationship a medical source has with someone seeking social security benefits provides a starting point for deciding how much weight to give that source's opinion about a claimant. Generally, the views of doctors who have treated a claimant get top priority. *Garrison v.*

---
[2] "[R]esidual functional capacity is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1).

*Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).   Opinions of doctors who have examined but not treated a claimant are next in rank. *Id*.  Those doctors who have neither treated nor examined a claimant generally get the least consideration. *Id*. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. An ALJ satisfies the substantial evidence requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." *Id.*

Here, the ALJ gave two consulting physicians greater weight than the treating physician.  (R. at 39-40.)  Both of the consulting doctors recognized that Ms. Bates had severe injuries but opined that she could nonetheless perform light work with some restrictions.  According to the ALJ, the treating physician did not justify his findings and, in some cases, contradicted his own treatment notes.  (*Id*. at 40.)  For example, the treating physician said that Ms. Bates' pain and numbness radiated to both of Ms. Bates' legs.[3]  (*Id*.)  But that doctor's notes only reflect complaints about pain in one leg.  (*Id*.) Additionally, an examination of Ms. Bates found that she had sensation in both legs. (*Id*.)  Further, the ALJ found that the treating doctor's opinion was deficient in that it did not link some of Ms. Bates' limitations to a medically determinable impairment under the social security regulations.  (*Id*.)  The ALJ also found that, in many cases, the treating doctor did not point to specific objective medical evidence such as x-rays or diagnostic tests to support his conclusions.  (*Id*. at 41.)  Further, the ALJ noted that Ms. Bates treatment consisted primarily of medication management.  (*Id*. at 38.)  Oxycodone was one of the medications that the treating provider prescribed.  (*Id*. at 671.)  This course of treatment contradicts one of the consulting physician's recommendation that Ms. Bates consult with a surgeon because her condition is likely treatable.  (*Id*. at 581.)

Ms. Bates argues that the ALJ missed the point.  First, according to Ms. Bates,

---

[3] The ALJ decision and the physician's report use the term bilateral lower extremity. While this language might be more anatomically precise, for the sake of simplicity, the Court will use the term "leg" rather than lower extremity and "arm" rather than upper extremity.

even if the ALJ correctly discounted the treating doctor's opinion concerning her leg pain, he still should have addressed why he did not give controlling weight to the rest of that doctor's assessment. (Pl. Br. at 14.)  Specifically, according to Ms. Bates, the ALJ did not rebut the treating doctor's assessments concerning back pain.  (*Id*.)  Also, according to Ms. Bates, the record shows evidence of hip and lower back problems.  (*Id.* at 16 (citing R. at 418).)  Ms. Bates argues that the treating doctor's opinion did rely on objective medical findings, contrary to the ALJ's contention.  (*Id.* at 16.)

The Court agrees with Ms. Bates that the ALJ did not give the requisite "specific and legitimate reasons that are supported by substantial evidence." *See Garrison*, 759 F.3d at 1012.  The ALJ's decision faults the treating doctor for not prescribing a more aggressive form of treatment.  (R. at 41.)  In other words, the ALJ viewed the treatment as overly conservative.  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (recognizing that conservative treatment may allow an ALJ to discount testimony).  But several courts in this circuit have found that the use of strong medications like Oxycodone is not conservative treatment.  *Vivianlynne Q. v. Comm'r of Soc. Sec.*, No. 3:19-CV-05404, 2020 WL 4746228, at *4 (W.D. Wash. Aug. 17, 2020); *Bucknell v. Berryhill*, No. ED CV 18-0261 AS, 2018 WL 6198459, at *4 (C.D. Cal. Nov. 27, 2018) (compiling cases). While one of the consulting physicians said that additional treatment options might be available, the ALJ does not account for the possibility that the treating doctor considered and rejected this option.  Instead, the ALJ relies on the statement of a consulting doctor, exactly the opposite of the typical procedure.  *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.").  As to the treating doctor's alleged mischaracterization of the record (R. at 40), whether Ms. Bates' numbness radiates to one leg or two is not a specific and legitimate reason supported by substantial evidence when that misstatement is not essential to the doctor's opinion.  Nor can a treating physician's failure to provide "x-rays, imaging studies, laboratory data or other diagnostic tests indicative of a debilitating

condition" be dispositive. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ erred in failing to give controlling weight to the treating doctor's opinion. The Court will remand.

### B. The ALJ's Evaluation of Ms. Bates' Subjective Claims

Ms. Bates claims that the ALJ did not sufficiently consider her subjective claims concerning her ailments. (Pl. Br. at 22.) Social security regulations require that an ALJ consider a claimant's statements about her symptoms when determining the claimant's RFC. *See* 20 C.F.R. §§ 404.1545(a)(3), 404.1529(a). In order to reject the claimant's statements, the ALJ must either cite evidence of malingering or provide clear and convincing reasons to reject the statements. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). Social security regulations provide a list of factors for the ALJ to consider. 20 C.F.R. § 404.1529(c)(3)(i-vi). These include the claimant's daily activities, duration and frequency of pain, medication and other forms of treatment, among other things. *Id*.

The ALJ found that Ms. Bates' claims about her symptoms were not entirely consistent with the medical evidence. (R. at 38.) Ms. Bates argues that the ALJ did not sufficiently explain why. (Pl. Br. at 22.) If true, this would violate the Ninth Circuit case law, which demands more than a vague allegation of inconsistency. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

The ALJ points to not only the lack of medical evidence supporting Ms. Bates' claims but also inconsistencies with existing medical records. For example, physical exams showed normal range of motion and did not show sensory deficits. (R. at 38.) Ms. Bates made three trips to the emergency room. The records from those visits, however, do not indicate that she told providers about her back or hip pain, nor did their exams show such pain. (Def. Br. at 14.) The ALJ also considered factors specified in the social security regulations beyond medical evidence. One of those factors is the course of treatment. C.F.R. § 404.1529(c)(3)(v). The ALJ noted that Ms. Bates' primary course of treatment was medication. (R. at 38.) A consulting physician opined that her

condition is likely treatable with additional treatment. (*Id*. at 41, 581.) However, as explained above, the medication regimen was more than conservative and is not a sufficient reason to discount her testimony. Given the treating physician's opinion and her history of treatment, the lack of discussion about her lower body pain when she visited the emergency room does not rise to the level of a clear and convincing reason to reject Ms. Bates' statements. The ALJ therefore erred and the Court will remand.

### C. The ALJ's Reliance on the Vocational Expert

Ms. Bates argues that the vocational expert's testimony was based on a false premise. Under Ms. Bates theory, the ALJ did not incorporate enough of the treating physician's assessments about her limitations when asking the vocational expert to opine about what jobs she could do. The ALJ must incorporate the well-supported opinions of the treating physician. Because the Court has already found that the ALJ erred in discounting the treating physician's testimony, it also finds that the ALJ should have given the vocational expert a hypothetical more closely tailored to the treating doctor's opinion.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED**, reversing the August 7, 2018 decision of the Commissioner, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 31st day of August, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge